GRACE Y. HOROUPIAN (SBN 180337)
ghoroupian@fisherphillips.com
CHASE A. DORN (SBN 345516)
cdorn@fisherphillips.com
FISHER & PHILLIPS LLP
2050 Main Street
Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424-
Facsimile: (949) 851-0152

Attorneys for Defendant
ALL SOCIAL SALES LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| MARK FOTOHABADI, individually, and on behalf of the State of California and other aggrieved persons,<br><br>Plaintiff,<br><br>v.<br><br>ALL SOCIAL SALES LLC, a limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 8:25-cv-01915<br><br>**NOTICE OF FILING PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332(A), 1441, AND 1446**<br><br><br><br>Complaint Filed: June 20, 2025<br>Removal Filed:<br>Trial Date:        Not Set |

**TO PLAINTIFF AND HIS COUNSEL OF RECORD, AND TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant All Social Sales LLC ("Defendant") through its counsel of record, submits this petition for removal of this case from the Superior Court of the State of California, County of Orange to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  The grounds for removal are as follows:

1

## I.      Statement of Jurisdiction

1.      This Court has original jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  This action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b), because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs, as set forth below.  See 28 U.S.C. §§ 1332, 1441(a) and (b).

## II.     Venue

2.      This action was filed in the Superior Court of California for the County of Orange.  Thus, venue properly lies in the United States District Court for the Central District of California.  See 28 U.S.C. §§ 84(c), 1391, and 1441(a).

## III.    Plaintiff's Complaint

3.      This lawsuit arises out of Plaintiff MARK FOTOHABADI's ("Plaintiff") employment with Defendant.  On June 20, 2025, Plaintiff filed a Complaint in the Superior Court of California, County of Orange, styled and captioned *Mark Fotohabadi, individually, and on behalf of the State of California and other aggrieved persons v. All Social Sales LLC; and Does 1 through 10, inclusive*, which was assigned Case No. 30-2025-01491427-CU-OE-CXC ("Complaint").  In the Complaint, Plaintiff alleges ten causes of action for: 1. Misclassification as Independent Contractor (Cal. Lab. Code §§ 226.8 and 2750.3); 2. Failure to Pay Minimum and Straight Time Wages (Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197); 3. Failure to Pay Overtime Wages (Cal. Lab. Code §§ 1194 and 1198); 4. Failure to Provide Meal Periods (Cal. Lab. Code §§ 226.7, 512); 5. Failure to Authorize and Permit Rest Periods (Cal. Lab. Code §§ 226.7); 6. Failure to Timely Pay Final Wages at Termination (Cal. Lab. Code §§ 201-203); 7. Failure to Provide Accurate Itemized Wage Statements (Cal. Lab. Code § 226); 8. Failure to Indemnify Employee for Expenditures (Cal. Lab. Code § 2802); 9. Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200, et seq.); and 10. Civil Penalties Under PAGA

FP 56266451.1

(Cal. Lab. Code § 2699, et seq.).  *See* Declaration of Grace A. Horoupian in Support of Defendant's Notice of Removal of Action ("Horoupian Decl."), at ¶¶ 2-3, Ex. 1 (Plaintiff's Complaint is hereinafter referred to as "Complaint").

4.      On July 29, 2025, Defendant's counsel accepted service of the Summons and Complaint and related papers via Notice and Acknowledgement of Receipt. Pursuant to 28 U.S.C. § 1446(a), correct copies of all process, pleadings, and orders served on Defendant are attached as Exhibit "1" to the Horoupian Decl., at ¶ 3.

5.      On August 26, 2025, Defendant filed an Answer to Plaintiff's Complaint in the Superior Court of California, asserting a general denial and affirmative defenses.  Horoupian Decl., at ¶ 4, Ex. 2.

6.      As of the date of this Removal, no other pleadings or papers have been filed in this action other than the Complaint, the Removal, the documents filed as part of the Removal, and Defendant's Answer to the Complaint.  *See generally* Horoupian Decl.

**IV.     Timeliness of Removal**

7.      Defendant files this Notice within 30 days of service of the Complaint upon Defendant and, as no other defendants have been served on an earlier date, the requirement of 28 U.S.C. § 1446(b) requiring removal within 30 days of service of the first defendant has been satisfied.

8.      In addition, this Notice of Removal has been filed within one year of commencement of the action in state court as required by 28 U.S.C. §1446(c). Therefore, this Notice of Removal has been timely filed.

**V.     Removal is Based On Diversity of Citizenship Jurisdiction**

9.      The Complaint, and each alleged cause of action contained therein, may be properly removed on the basis of diversity of citizenship jurisdiction, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  28 U.S.C. §

1332(a)(1).

### A. There Is Diversity of Citizenship

10. At the time the action was filed, Plaintiff is, and was, a resident and citizen of the State of California. Plaintiff's Complaint expressly alleges he resides in the State of California. *See* Complaint, at ¶ 8; *see also Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004); *Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2022) (analyzing citizenship as of the time the complaint is filed). For diversity purposes, a person is a "citizen" of the state in which she is domiciled. See 28 U.S.C. § 1332 (a)(1); see also *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place she resides with the intention to remain).

11. At the time this action was filed and at the time this Notice of Removal was filed, Defendant is and was a citizen of the state of Florida, within the meaning of 28 U.S.C. section 1332(c)(1) because it is now, and was, at all material times incorporated under the laws of the state of Florida, and at all material times has maintained, and maintains, its principal place of business in the state of Florida. Declaration of Allysa Wetcher in Support of Defendant's Notice of Removal of Action ("Wetcher Decl."), at ¶¶ 2-3.

13. Defendants Does 1 through 10 are fictitious. The Complaint does not set forth the identity or status of any fictitious defendants. Thus, pursuant to Section 1441(b), the citizenship of defendants sued under fictitious names must be disregarded for purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. See *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998).

14. Due to the fact that Plaintiff's California citizenship is distinct from Defendant's Florida citizenships, complete diversity of citizenship exists between the parties. See 28 U.S.C. § 1332(a).

FP 56266451.1

**B.**     **The Amount In Controversy Exceeds $75,000.00**

15.    The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

16.    In determining the amount in controversy for diversity jurisdiction, all potential damages based on the claims in the complaint, as well as attorney's fees, are properly included. *See, e.g., Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). In assessing the amount in controversy for diversity jurisdiction purposes, "a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." See *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1117 (C.D. Cal 2010) (internal citations omitted).

17.    The status of the parties' citizenship and the amount in controversy can be determined from the complaint or from other sources. See *Kanter v. Warner-Lambert Co.* 265 F.3d 853, 857 (9th Cir. 2001) (examining complaint and notice of removal for citizenship determination); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the facts of the complaint."); *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 839–40 & n.2 (9th Cir. 2002) (considering settlement demand letter for purposes of determining amount in controversy).

19.    "[A]s specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold[.]*" Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also* 28 U.S.C. § 1446(a). Supporting evidence is required only if the plaintiff contests, or the district court questions, the allegations contained within the notice. *Dark Cherokee*, 574 U.S. at 89. Otherwise, "the defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal jurisdiction. *Id.* at 87.

FP 56266451.1

20.    In addition, precedent dictates that letters sent by Plaintiff's counsel which are marked as privileged settlement communications can be properly admitted and considered for the purposes of determining if the amount in controversy requirement is satisfied. *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 839–40 & n.3 (9th Cir. 2002) (explicitly rejecting the argument that "Fed.R.Evid. 408 prohibits the use of settlement offers in determining the amount in controversy" and holding that "**[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim**" to determine the amount in controversy for diversity purposes); a*lso see*: *Babasa v. Lenscrafters*, 498 F.3d 972, 974-975 (9th Cir. 2007) (refusing to exclude a settlement letter based on state law privileges); *Arellano v. Home Depot U.S.A., Inc.*, 245 F.Supp.2d 1102, 1108 (S.D. Cal. 2003); *Mcdaniel v. Mondelez Global* (E.D. Cal. July 1, 2014) 2014 WL 2987314 at 2.

22.    Based on Plaintiff's allegations and request for damages, as well as his correspondence concerning the value of the alleged claims it is more than likely that Plaintiff seeks more than $75,000.00 in damages. Indeed, on May 30, 2025, Counsel for Plaintiff made a settlement demand for $378,443.90. Horoupian Decl., at ¶ 5. Pursuant to the rule set forth in *Petsmart, Inc.*, this demand is a sufficient independent basis for finding that the amount in controversy requirement is satisfied.

23.    Moreover, in the Complaint, Plaintiff estimates he is owed $299,988 in unpaid non-overtime hours, $224,998.90 in overtime violations, $44,998.30 in meal period violations, $74,997.00 in rest period violations, $40,383.00 in waiting time penalties. *See* Complaint at ¶¶39, 50, 55, 60, 66.

24.    Plaintiff also seeks to recover attorneys' fees. *See* Complaint at ¶¶ 28, 38, 48, 67, 98. Attorneys' fees (future and accrued) are also properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity. *See Fritsch v. Swift Transp. Co. of Arizona, LLC,* 899 F.3d 785, 794 (9th Cir. 2018); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims

6

for attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory).  The Ninth Circuit Court of Appeals has held that "Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).  Defendant anticipates that depositions will be taken in this case and that Defendant may ultimately file a Motion for Summary Judgment.  Based on defense counsel's experience, attorneys' fees in employment cases generally will exceed $50,000, and will often exceed $100,000.  Other courts have also noted that in individual employment cases, attorneys' fees alone can often exceed the jurisdictional minimum.  *See, e.g., Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal 2002) ("The court notes that in its twenty-plus years' of experience, attorneys' fees in individual discrimination cases often exceed the damages."); *Haase v. Aerodynamics, Inc.*, No. 2:09-cv-01751-MCE- GGH, 2009 WL 3368519, at *5 (E.D. Cal. Oct. 19, 2009) (finding that "even a minimal award of attorneys' fees would cause the amount in controversy to exceed the jurisdictional minimum.").  Thus, it is more likely than not that the fees incurred in this case will exceed at least $50,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $100,000 if the case proceeds to trial.  Accordingly, even assuming an attorneys' fees award of $50,000, the amount in controversy threshold of $75,000.00 would be easily surpassed when aggregating Plaintiff's claimed monetary damages, and potential attorneys' fee award.

26.    Defendant denies the validity and merits of Plaintiff's claims, the legal theories upon which they are based, and the resulting claims for monetary and other relief.  However, assuming Plaintiff's claims to be true for purposes of this removal only, it is apparent from Plaintiff's demand and Complaint that Plaintiff seeks monetary relief exceeding the jurisdictional minimum.  *See* 28 U.S.C. § 1332(a).

27.    Thus, the matter in controversy here exceeds the sum or value of $75,000.00, exclusive of interests and costs.

7

28.     Pursuant to 28 U.S.C. §§ 1332 and 1441(a), this state court action may be removed to the United States District Court for the Central District of California since it is more than likely that the amount in controversy exceeds $75,000.00, exclusive of costs and interest, and because there was at the time this action was filed, and there is now, diversity of citizenship between Plaintiff and Defendant.

**VI.     Notice to the Court and Parties**

29.     Promptly upon filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record and a copy of the Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of Orange, California.

Dated: August 27, 2025                          FISHER & PHILLIPS LLP


By: _____
GRACE Y. HOROUPIAN
CHASE A. DORN
Attorneys for Defendant
ALL SOCIAL SALES LLC

8

DEFENDANT'S NOTICE OF FILING PETITION FOR REMOVAL OF ACTION

FP 56266451.1

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the within action. I am employed with the law offices of Fisher & Phillips LLP and its business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On the date below, I served the following document entitled **NOTICE OF FILING PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332(A), 1441, AND 1446** on all the appearing and/or interested parties in this action as follows:

| | |
|---|---|
| Arrash T. Fattahi, Esq.<br>Arman A. Salehi, Esq.<br>WILSHIRE LAW FIRM<br>3055 Wilshire Blvd, 12th Floor<br>Los Angeles, California 90010 | Attorney for Plaintiff<br>MARK FOTOHABADI<br><br>T: (213) 381-9988<br>F: (213) 381-9989<br>E: arrash.fattahi@wilshirelawfirm.com<br>    arman.salehi@wilshirelawfirm.com<br>    jonathan.austin@wilshirelawfirm.com<br>    tiffany.garcia@wilshirelawfirm.com |

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☒ **[by ELECTRONIC SERVICE]** - Pursuant to an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

I declare that I am employed in the office of a member of the State of California at whose direction the service was made.

Executed on August 27, 2025, at Irvine, California.

_____
Yabilex Villanueva

1
PROOF OF SERVICE

FP 56266451.1